IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Harold Anderson, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 5389 |
| Capital Management Services, LP, a Delaware limited partnership, LVNV Funding, LLC, a Delaware limited liability company and Resurgent Capital Services, L.P., a Delaware limited partnership, | ) ) ) ) ) ) ) ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Harold Anderson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Harold Anderson ("Anderson"), is a citizen of the State of West Virginia, from whom Defendants attempted to collect a delinquent consumer debt owed for a Sears credit card. These collection actions took place despite the fact that he had

told the Defendants that he refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CMS collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff. In fact, Defendant LVNV conducts extensive and substantial business in Illinois.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent

consumer debt it attempted to collect from Plaintiff.

8. Defendants Resurgent and LVNV are sister corporations. Defendant LVNV is a bad debt buyer, and Defendant Resurgent manages the collections of the debts that LVNV buys.

9. All of the Defendants are licensed to conduct business in the State of Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all of the Defendants conduct extensive and substantial business in Illinois.

10. All of the Defendants are licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, all of the Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

11. Mr. Anderson is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Sears credit card. At some point in time after that debt became delinquent, Defendant LVNV bought Mr. Anderson's Sears debt. When Defendants LVNV and Resurgent began trying to collect this debt from Mr. Anderson, by having another collection agency, the Atkins Law Offices, attempt to collect that debt from him, Mr. Anderson sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

12. Accordingly, on January 9, 2010, one of Mr. Anderson's attorneys at LASPD informed Defendants LVNV and Resurgent, in writing, through their agent, the Atkins Law Office, that Mr. Anderson was represented by counsel, and directed

Defendants LVNV and Resurgent to cease contacting him, and to cease all further collection activities because Mr. Anderson was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

13. Nonetheless, despite being advised that Mr. Anderson was represented by counsel and refused to pay the debt, Defendants LVNV and Resurgent then had Defendant CMS send Mr. Anderson a collection letter, dated May 24, 2010, which demanded payment of the Sears debt. Defendants' letter wrongly stated that the "Current Creditor" was Resurgent Capital Services, when, in fact, the debt was owed to LVNV. A copy of this letter is attached as Exhibit D.

14. Accordingly, on June 16, 2010, Mr. Anderson's attorneys at LASPD yet again informed Defendants LVNV and Resurgent, this time through Defendant CMS, that its must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Making A False Statement Of The Name Of Creditor

17. Plaintiff adopts and realleges ¶¶ 1-16.

4

18. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

19. Defendants' violations of § 1692e of the FDCPA, include, but are not limited to, falsely stating in their collection letter to Plaintiff that the "Current Creditor" was Resurgent Capital Services, when, in fact, the debt was actually owed to its sister company, LVNV.

20. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692g(a)(2)
### Failure To Effectively Identify The Current Creditor

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, it must provide consumers with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

23. Defendants' letter to Plaintiff failed to correctly state the name of the current creditor because Defendants' letter stated that the "Current Creditor" was Resurgent, when, in fact, the debt was owed to LVNV. Thus, Defendants have failed to identify the name of the creditor, in violation of § 1692g(2) of the FDCPA.

24. Defendants' violation of § 1692g(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

25.     Plaintiff adopts and realleges ¶¶ 1-16.

26.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

27.     Here, the letter from Mr. Anderson's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendants violated § 1692c(c) of the FDCPA.

28.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

29.     Plaintiff adopts and realleges ¶¶ 1-16.

30.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

31.     Defendants knew, or readily could have known, that Mr. Anderson was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant LVNV, in writing (Exhibit C), through their agent, that Mr.

Anderson was represented by counsel, and had demanded a cessation of communications with Mr. Anderson. By sending a collection letter (Exhibit <u>D</u>) to Mr. Anderson, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

32. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Harold F. Anderson, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Anderson, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Harold F. Anderson, demands trial by jury.

                            Harold F. Anderson,

                            By: /s/ David J. Philipps
                            One of Plaintiff's Attorneys

Dated: August 26, 2010

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com